**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

RECEIVED

2019 SEP 11  P 2: 06

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| RANDY WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NUMBER: |
| | ) 1: 19-cv-667 |
| | ) |
| GOLDEN PEANUT COMPANY, | ) |
| LLC; ALLEN TWIGGS; EJ | ) |
| WEST; and JOSH KNIGHT | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendants Golden Peanut Company, LLC; Allen Twiggs; EJ West; and Josh Knight hereby give notice that the above-styled case is removed from the Circuit Court of Henry County, Alabama to the United States District Court for the Middle District of Alabama, Southern Division. As grounds for its removal, Defendants state that federal question jurisdiction exists and show as follows:

### The Complaint

1. The plaintiff commenced this action on August 7, 2019 in the Circuit Court of Henry County, Alabama. In his complaint, plaintiff Randy Williams identified all of the defendants in this action. Copies of all process, pleadings, discovery, and orders served upon any of the defendants in this action to date are

attached hereto as Exhibit A.[1]  The Notice of Filing of Notice of Removal the defendants will file in state court is attached hereto as Exhibit B.

2.    The first notice to defendant Golden Peanut of this action occurred on August 12, 2019 when it was served with a copy of the summons and complaint. Neither this defendant nor any of its agents or employees had notice of this action prior to August 12, 2019. None of the individual defendant or their agents had notice of this action prior to August 12, 2019. The removal of this action is compliant with the requirement of 28 U.S.C. § 1446(b) that a removing defendant should file its notice of removal within 30 days of service of the complaint on that defendant.

3.    In his complaint, the plaintiff claimed that he was discriminated against by his former employer Golden Peanut and the individual defendants identified herein. He attached documents from his federal EEOC charges and explicitly invoked the federal statutes codified within Title VII of the Civil Rights Act of 1964.

4.    The plaintiff seeks compensatory damages, mental anguish damages, emotional distress damages, punitive damages, and lost wages.

### Statutory Jurisdiction

5.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1441(a). This action is removable to this Court because it is a "civil

---

[1] Golden Peanut alone has been served with any document; none of the other defendants have received service of anything at this stage.

action brought in a State court of which the district courts of the United States have original jurisdiction" and because this Court is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## Federal Question

6.      This action is removable pursuant to 28 U.S.C. § 1441(a) because this Court has original jurisdiction under 28 U.S.C. § 1331. Federal question jurisdiction exists when the well-pleaded complaint establishes either (1) that federal law creates the cause of action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Christianson v. Colt Operating Corp.,* 486 U.S. 800, 808-09 (1988). In express terms and by implication, federal employment discrimination law provides the foundation for all the allegations and claims in the plaintiff's complaint.

7.      The plaintiff's complaint specifically relies on and is based upon federal statutory causes of action. He alleges the defendants discriminated against him on the basis of his race and retaliated against him because of his alleged complaints based on supposed race-based treatment. In so doing, he alleges he is entitled to relief under Title VII (42 U.S.C. § 2000e, et seq.), including 42 U.S.C. §§ 2000e-3(a) and 2000e-2(a), and 42 U.S.C. § 1988. (*See* Complaint at ¶¶ 15, 19, 20, 21, 26, 27, prayer for relief (g)).

8. The primary test for determining whether a complaint is based on a federal question so as to vest a federal district court with jurisdiction is the well-pleading complaint rule. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Comparing the test to the complaint here does not present a close call. The plaintiff's complaint identifies federal bases for his claims and relief no fewer than six times. He is relying on federal statutory claims. There is a federal question on the face of his complaint; the action is removable.

## Venue

9. Venue for removal is proper in this district and division under 28 U.S.C. § 81(b)(2) because this district and division embrace the Circuit Court of Henry County, Alabama, the forum in which the removed action was pending.

## Procedure

10. Pursuant to 28 U.S.C. § 1446(d), the defendants will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Henry County, Alabama, and they will also serve the same upon the plaintiff.

11. All defendants join in this Notice of Removal.

WHEREFORE, the defendants pray that this Court will take jurisdiction over this cause and will make all such other orders as may be necessary and appropriate to effect the preparation and filing in this Court of a true record of all proceedings that may have been had in the Circuit Court of Henry County, Alabama.

Respectfully submitted,

Stacey Bradford
Patrick Schach

Attorneys for Golden Peanut
Company, LLC; Allen Twiggs; EJ
West; and Josh Knight

**OF COUNSEL:**
**LITTLER MENDELSON, P.C.**
420 20th Street North, Suite 2300
Birmingham, AL 35203-3204
(205) 421-4700 (Telephone)
(205) 449-9864 (Facsimile)
Sbradford@little.com
PSchach@littler.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2019, I filed the foregoing with the Clerk of the Court and I mailed the foregoing by United States Postal Service to the following:

Norman Hurst, Esquire
Law Office of Norman Hurst
P.O. Box 5251
Montgomery, AL 36103

Vicky U. Toles, Esquire
Law Offices of Vicky U. Toles
922 South Perry Street
Montgomery, AL 36104

OF COUNSEL